UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SEAY,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS/REHABILITATION, et al.,<br><br>    Defendants. | No. 1:25-cv-000178-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE<br><br>(ECF No. 8) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On February 25, 2025, the Court screened Plaintiff's complaint and ordered Plaintiff to show cause why this action should not be dismissed as duplicative of <u>Seay v. CDCR, et al.</u>, Case No. 1:25-cv-00177-SAB (PC). Plaintiff has failed to file a response to the order to show cause and the time to do so has passed. Accordingly, dismissal of the action as duplicative is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
2  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
3  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that
4  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
5  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

6  A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
11 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
12 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

13 Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
14 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
15 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be
16 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
17 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
18 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
19 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
20 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d
21 at 969.

## II.

## COMPLAINT ALLEGATIONS

24 The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the
25 screening requirement under 28 U.S.C. § 1915.

26 In the administrative segregation unit at Kern Valley State Prison (KVSP), prisoners are
27 being confined in isolation separate from the general population for non-disciplinary reasons.
28 Prisoners are deprived of personal property, food, clothing, phones, showers, radio, television,

electricity, recreation, etc.

As relief, Plaintiff seeks two million dollars, reversal of his life sentence and restitution order, and renewal of his passport.

## III.

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints and dismiss those that are frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. See 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing earlier version of § 1915(e)); see also Denton v. Hernandez, 504 U.S. 25, 30 (1992) (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or repetitive lawsuits") (emphasis added). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). " '[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.' " Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)).

"Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties ... to the action, are the same." Adams, 487 F.3d at 689; see also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688.

On February 11, 2025, the same day the instant action was filed, Plaintiff filed a civil rights complaint in this Court which is proceeding in Seay v. CDCR, et al., Case No. 1:25-cv-

3

00177-SAB (PC) (ECF No. 1) ("Sealy I").

In both cases Plaintiff alleges that he is being denied food, clothing, phone, showers, radios, television, electronics, recreation, etc., at Kern Valley State Prison. In both cases, Plaintiff names CDCR and Warden Pat Horn, as Defendants, and requests monetary damages.[1,2] In comparing these complaints, "it is clear that the ... actions share a common transaction nucleus of facts." Adams, 487 F.3d at 689. Although Sealy I, includes additional Defendants, and the instant action seeks additional, yet unavailable forms of relief, both cases other encompass the same claims, defendants, and relief sought. Therefore, under the Adams test, when Sealy is disposed of "as the thing adjudged," it would have a preclusive effect "regarding the matters at issue in the second suit," which is the instant action. Adams, 487 F.3d at 689. In these circumstances, this Court has previously held the cases to be duplicative. See, e.g., Schowachert v. Polley, No. 1:22-cv-1249-JLT-BAM, 2022 WL 16811914, at *1 (E.D. Cal. Nov. 8, 2022); Osborne v. Clavache, No. 2:20-cv-02341-KJM-JDP, 2021 WL 4751372, at *1 (E.D. Cal. Oct. 12, 2021).

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and requested relief do not significantly differ between the two actions, and Plaintiff has failed to demonstrate otherwise.

///

---

[1] In Case No. 1:25-cv-00177-SAB (PC), Plaintiff also names officers Rodriguez and Wesir, as Defendants (ECF No. 1).

[2] In the instant action, Plaintiff also requests his life sentence be reversed and his passport be renewed. (ECF No. 1.) The Court notes that such relief is not available by way of section 1983. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The renewal of Plaintiff's passport would not remedy the alleged violation of Plaintiff's constitutional rights, and therefore is not narrowly drawn to correct the alleged violations. In addition, Plaintiff cannot seek reversal of his criminal conviction by way of section 1983, even if such relief could remedy the alleged constitutional violations. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." (cleaned up)); see also Bradford v. New Mexico, 2012 WL 4962941 (D.N.M. Sept. 29, 2012) (holding that prisoner must bring claim for release pursuant to habeas corpus statutes, and if successful, may bring § 1983 claim for damages).

1    Accordingly, it is it is HEREBY ORDERED that the Clerk of Court shall randomly assign
2 a District Judge to this action.

3    Further, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,
4 as duplicative of Seay v. CDCR, et al., Case No. 1:25-cv-00177-SAB (PC).

5    This Findings and Recommendation will be submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**
7 **days** after being served with this Findings and Recommendation, Plaintiff may file written
8 objections with the Court, limited to 15 pages in length, including exhibits.  The document should
9 be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is
10 advised that failure to file objections within the specified time may result in the waiver of rights
11 on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.
12 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

15 IT IS SO ORDERED.

16 Dated:  **April 1, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5